IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

      Plaintiff,                                             No. CIV S-05-2060 MCE JFM P

    vs.

J. MINEAU, et al.,

      Defendants.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

                                       /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. The action was filed on October 13, 2005. Plaintiff was granted leave to proceed in forma pauperis on June 2, 2006. Before the court is defendants' motion to dismiss this action on the ground that plaintiff should not have been granted leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g).

          Defendants cite three cases filed by plaintiff in the United States District Court for the Central and Eastern Districts of California and argue that these three prior actions were dismissed for failure to state a claim, thus barring plaintiff from proceeding in forma pauperis in this action. Defendants contend that these three dismissals constitute strikes under 28 U.S.C. § 1915(g), which, if true, would compel revocation of plaintiff's in forma pauperis status and dismissal of this action.

1

Section 1915 of Title 28, which governs in forma pauperis proceedings in federal courts, concludes with the following provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). By the plain language of the statute, the bar on proceeding in forma pauperis is a determination made with reference to the time a civil action or appeal is submitted for filing. In making the determination, the court must consider all civil actions and appeals previously brought by the prisoner in any federal court. Of all actions and appeals previously brought, the only actions and appeals that count as strikes for purposes of § 1915(g) are those actions and appeals dismissed on the grounds specified in the statute. Id.

In the present case, plaintiff filed this civil action on October 13, 2005. For purposes of the court's § 1915(g) determination, the only relevant cases are those dismissed prior to October 13, 2005. The court takes judicial notice of the records of the United States District Court for the Eastern District of California and of the orders of the Central District Court provided by defendants in support of their motion.[1] These records show that the three cases cited by defendants were dismissed before October 13, 2005 and are therefore relevant to the court's § 1915(g) determination in the present action. The three cases for consideration are the following:

> Order filed April 14, 2003, in Finley v. Stone, et al., No. 2:02-cv-4105 R MAN (C.D. Cal.);
>
> Order filed May 23, 2003, in Finley v. Lee, et al., No. 2:02-cv-09627 R MAN (C.D. Cal.); and

---

[1] The court may take judicial notice of court records. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Order filed July 1, 2005, in <u>Finley v. Quinn, et al.</u>, No. 1:04-cv-5463 AWI LJO (E.D. Cal.).

(Defs.' Mot. to Dismiss, Exs. A-J.)

Two of the three cases cited by defendants were specifically dismissed for failure to state a claim and therefore count as a strike for purposes of § 1915(g). In Case No. 02-9627, filed in the Central District, findings and recommendations issued on April 15, 2003, specifically finding that plaintiff failed to state any federal claim. (<u>Id.</u> at 4-8 (Defs.' Exs. E).) These findings and recommendations were adopted *in toto* by the district court's order of May 23, 2003. (Defs.' Ex. F.) In the Fresno Division of the Eastern District findings and recommendations were issued on May 9, 2005, in Case No. 1:04-cv-5463 AWI LJO, specifically finding that plaintiff had failed to state a claim. (Defs.' Ex. H.) Those findings and recommendations were adopted in full by the district court on July 1, 2005. (Defs.' Ex. I.)

Upon consideration of the findings and recommendations adopted in 2:02-cv-4105 R MAN, however, the basis of this dismissal was equivocal. (Defs.' Ex. B.) On February 5, 2003, the Central District issued an order adopting findings, conclusions and recommendations,[2] stating:

> 1. Defendants' motion to dismiss Count Two against defendant Parker pursuant to Fed. R. Civ. P. 12(b)[unenumerated] is GRANTED, and all claims against defendant Parker are dismissed without leave to amend and without prejudice.
>
> 2. Defendants' motion to dismiss Count One against defendants Stone, Hurley and Olivas pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, and Count One is dismissed, with leave to amend.

(<u>Id.</u> at 2.) However, the court earlier noted that plaintiff had objected to dismissal of Count One on the basis of failure to state a claim (<u>id.</u> at 1), and plaintiff was granted leave to file an

---

[2] Unfortunately, defendants did not provide this court with a copy of the Report and Recommendations underlying the February 5, 2003 order. The Report and Recommendation is also not available through electronic means as it predates the inception of CM/ECF electronic filing.

amended complaint. (Id. at 2.) In addition, plaintiff was warned that failure to timely file an amended complaint might result in a dismissal of the action for failure to prosecute and/or failure to comply with the court's orders, pursuant to Fed. R. Civ. P. 41(b). (Id.)

Plaintiff was subsequently granted at least two opportunities in which to file an amended complaint. (Id. at 2-3.) Ultimately, however, the case was dismissed for the reasons set forth in the April 14, 2003 order and in the February 5, 2003 Order. (Id. at 4.) While it may be that the district judge intended for Count One to be dismissed for failure to state a claim, such a result is not clear when reading the April 14, 2003 and the February 5, 2003 orders together. It is therefore not clear the Central District denial was grounded on anything other than procedural defects. On the present record, the undersigned is unable to find that case 02-4105-R MAN was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Defendants have not demonstrated that plaintiff brought the present case after having brought three or more prior federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g). Defendants' motion for dismissal should therefore be denied.

IT IS RECOMMENDED that:

1. Defendants' September 13, 2006 motion to dismiss be denied; and

2. Defendants be directed to answer plaintiff's complaint within twenty days of any order from the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be entitled "Objections to Magistrate Judge's Findings and Recommendations." The

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  January 31, 2007.

            /s/ John F. Moulds
            UNITED STATES MAGISTRATE JUDGE

7  001; finl2060.mtd